Beth Creighton, OSB #972440
E-mail: *beth@civilrightspdx.com*
Michael E. Rose, OSB #753221
E-mail: *mrose@civilrightspdx.com*
J. ASHLEE ALBIES, OSB #051846
E-mail: *ashlee@civilrightspdx.com*
CREIGHTON & ROSE, PC
300 Powers Building
65 S.W. Yamhill Street
Portland, Oregon  97204
Phone:   (503) 221-1792
Fax:      (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **NKENGE HARMON JOHNSON,** | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | (Civil Rights - 42 USC § 1983; Intentional Interference with Economic Relations) |
| **JOHN KITZHABER, CYLVIA HAYES, MIKE BONETTO, and JAMES WILLIAMS, in their individual capacities,** | *JURY TRIAL REQUESTED* |
| Defendants. | |

**I.**

**INTRODUCTION**

1.      Pursuant to 42 USC § 1983, Plaintiff alleges the violation of her right not to be deprived of her rights as guaranteed by the First Amendment to the United States Constitution; and her right not to have her economic relations interfered with under Oregon law.  She seeks damages, attorney fees, and litigation expenses/costs, including expert witness fees and

CREIGHTON
& ROSE, PC    ATTORNEYS
AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

expenses.

## II.

## JURISDICTION

2.     This court has jurisdiction by virtue of 28 USC § 1343 and 28 USC § 1331. State law claims arise from the same common nucleus of operative facts and therefore this Court may exercise supplemental jurisdiction over them under 28 USC § 1367. Venue is proper in this district pursuant to USC §§ 1391 (b) and 1391 (e). Defendants are located in Marion County, Oregon and the events underlying this Complaint took place there, making venue proper in the District of Oregon, Eugene Division.

## III.

## PARTIES

3.     At all times material herein, Plaintiff Nkenge Harmon Johnson (hereafter "Plaintiff"), is a former employee of the Office of the Governor of the State of Oregon, and resides in Marion County, State of Oregon.

4.     John Kitzhaber is a resident of the State of Oregon. At all times material herein he was the duly elected Governor of the State of Oregon and was acting under color of state law and within the scope of his employment or duties. He is sued in his individual capacity.

5.     Cylvia Hayes is a resident of the State of Oregon. At all times material herein she was the girlfriend or fiancée of defendant Kitzhaber, the self-described "First Lady of Oregon," a volunteer Senior Policy Advisor to Defendant Kitzhaber and his Executive Staff and was acting under color of state law. She is sued in her individual capacity.

6.     Mike Bonetto is a resident of the State of Oregon. At all times material herein he

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

was the Chief of Staff for Defendant Kitzhaber and an employee of the State of Oregon and was acting under color of state law and within the scope of his employment or duties. He is sued in his individual capacity.

7.      Agent James Williams was at all relevant times herein an investigator with the Intelligence Unit of the Oregon Department of Justice's Criminal Justice Division.  He was acting under color of state law and within the scope of his employment or duties. He is sued in his individual capacity.

8.      Nkenge Harmon Johnson was hired by Defendant Kitzhaber to be his Communications Director beginning in January 2014.

9.      Defendant Kitzhaber's Executive Staff at that time included, in addition to Plaintiff, Defendant Bonetto, Deputy Chief of Staff Dmitri Palmeteer, and advisors related to Cover Oregon. Defendant Hayes, First Lady of Oregon, was a "volunteer senior policy advisor." Another volunteer and advisor, Steve Bella, worked directly for Hayes.

10.      Defendant Kitzhaber was in the middle of his third term as Governor and was planning to run for re-election in November 2014. For several months in early 2014, Kitzhaber had been building his re-election campaign team, which, at that point, included his long-time staffer and advisor Patricia McCaig and former Communications Director Tim Raphael, among other advisors.

11.      These campaign advisors held weekly in-person meetings with Kitzhaber's executive staff. The campaign advisors often had more frequent telephone conference calls, emails and text messages with the Governor's executive staff, senior policy advisor(s) and senior employees at Cover Oregon.

CREIGHTON
& ROSE, PC   ATTORNEYS
AT LAW

65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 3 – COMPLAINT

12.     During that time, plaintiff witnessed what she reasonably believed to be myriad improprieties involving the Governor's re-election campaign team and his official staff, including, but not limited to, directing or permitting of political activities by public employees while on the job, in violation of ORS 260.432, as well as mismanagement and abuse of authority.

13.     Plaintiff was directed by Defendants Bonetto and Kitzhaber to engage directly with the campaign team, and to conform her work for the Governor's Office to the needs of the Governor's campaign for re-election, contrary to law.

14.     Plaintiff was directed by Defendants Bonetto and Kitzhaber to manage communications, appearances and events for Defendant Hayes related to Defendant Kitzhaber's re-election campaign, State business, and in addition Hayes' personal interests beyond her portfolio as a volunteer Senior Policy Advisor to Defendant Kitzhaber. Employees of the governor's office often reported to Plaintiff that they were being asked to do work to book Defendant Hayes at events that were not related to state business.

15.     Defendant Hayes took umbrage at something Plaintiff said at an Executive Staff meeting, on or about July 15, 2014, and began to instigate Plaintiff's termination by making disparaging comments about Plaintiff to Defendants Bonetto and Kitzhaber, and others.

16.     Plaintiff repeatedly voiced her concerns to Defendant Bonetto about the improprieties she witnessed and was directed to perform. Defendant Bonetto reiterated that he was neither concerned about nor willing to address the issues Plaintiff raised.

17.     In response to Defendant Bonetto's apparent indifference to these legal and ethical violations, Plaintiff sought legal advice regarding these improprieties from Steve Powers, the Governor' s Deputy Legal Counsel.

CREIGHTON & ROSE, PC

ATTORNEYS AT LAW

65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

18.     Immediately after this consultation, on or about 15 July, 2014, Defendant Bonetto asked Plaintiff to resign. When she declined, Plaintiff was terminated, on or about 18 July, 2014.

19.     On or about November 3, 2014, Plaintiff wrote an opinion piece for the Oregonian which was critical of Defendant Kitzhaber and stated as follows:

> "During my tenure, I was adamant that the governor's office and his closest advisers not blur the lines between state interest and other matters. My concern was seen as disloyalty. I was viewed as an outsider who did not understand the way that they did business. I was told that as long as things were good it did not matter whether things were right.
>
> I know that Oregonians deserve transparency: The lines between public, private and campaign business are clear. Emails related to state business must be sent on official state accounts. Campaign polling should not determine office activities. The law and rules of ethics are not to be overlooked."

20.     In continuing retaliation for her disclosures identified in ¶¶ 12-17, Defendant Bonetto, Rachel Wray, and Amy Wojcicki made false and defamatory statements about Plaintiff and provided misleading emails to the media, which were published on or about November 3, 2014, in the Oregonian, OregonLive, Willamette Week, and in other state, national, and global media. Said communications were maliciously made by Defendants, at the instigation of Defendant Hayes and under the direction of Defendants Bonetto and Kitzhaber, all of whom either knew the communications were false or recklessly disregarded their falsity.

21.     Plaintiff communicated her intent to sue the State.

22.     Plaintiff's potential legal claims for relief and her intent to sue were widely known in the Department of Justice.

23.     On or about September 30, 2015, Defendant Williams used a software program

PAGE 5 – COMPLAINT

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

called Digital Stakeout to allegedly search the terms "#blacklivesmatter"[1] in the Salem, Oregon area, which resulted in the identification of the twitter account of Harmon Johnson's husband, Erious Johnson, Director of Civil Rights for the Office of the Attorney General.

24.     Upon recognition that Erious Johnson was Harmon Johnson's husband, Defendant Williams contacted his superiors indicating that he had concerns about some of Johnson's twitter postings on his political and social views.

25.     Defendant Williams then drafted a memo about Johnson entitled "Possible threats towards law enforcement by ODOJ employee" and circulated it to high level DOJ personnel.

26.     Based on information and belief, a substantial factor in the targeting of Erious Johnson for a "threat assessment" was the knowledge that his wife was seeking to take legal action against the Governor's office.

**FIRST CLAIM FOR RELIEF –**
**42 U.S.C. § 1983**
**United States Constitution, First Amendment**
**Against Defendants Hayes, Bonetto, Kitzhaber, and Williams**

---

[1] #BlackLivesMatter was created in 2012 after George Zimmerman killed 17-year-old Trayvon Martin, and was acquitted for his crime. According to its founders, Patrisse Cullors, Opal Tometi, and Alicia Garza, the #BlackLivesMatter movement is "rooted in the experiences of Black people in this country who actively resist our dehumanization, #BlackLivesMatter is a call to action and a response to the virulent anti-Black racism that permeates our society. Black Lives Matter is a unique contribution that goes beyond extrajudicial killings of Black people by police and vigilantes." As such, "Black Lives Matter is an ideological and political intervention in a world where Black lives are systematically and intentionally targeted for demise. It is an affirmation of Black folks' contributions to this society, our humanity, and our resilience in the face of deadly oppression."  In the wake of several high profile national deaths of Black people by police officers or within the criminal legal system, the use of the #BlackLivesMatter was used in social media to symbolize political speech or acts which supported anti-Black racism, a pervasive strain of racism that maintains a stronghold in this country and in Oregon.

CREIGHTON
& ROSE, PC    ATTORNEYS
AT LAW

65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 6 – COMPLAINT

27.    Plaintiff incorporates paragraphs 1 through 26 as if fully set forth herein.

28.    The acts of Defendants described herein were taken under color of state law.

29.    By terminating her from her position, Defendants retaliated against Plaintiff Harmon Johnson for her having spoken out about a matter of public concern. Defendants' acts violated Plaintiff's rights under the First Amendment of the United States Constitution, made applicable to the State of Oregon through the 14th Amendment.

30.    By targeting Plaintiff's husband for "threat assessment," Defendants retaliated against Plaintiff Harmon Johnson for her having spoken out about a matter of public concern. Defendants' acts violated Plaintiff's rights under the First Amendment of the United States Constitution, made applicable to the State of Oregon through the 14th Amendment.

31.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has incurred economic losses including but not limited to lost income, lost benefits and seniority, and housing expenses. These losses are continuing to accrue daily and will be determined by a jury at the time of trial.

32.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered loss of future income and impairment of earning capacity in an amount to be determined by the jury.

33.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered emotional distress in amounts to be determined by the jury at trial.

34.    Plaintiff is entitled to reimbursement of her reasonable attorneys' fees and costs pursuant to 42 USC § 1988.

///

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

**SECOND CLAIM FOR RELIEF**
**Intentional Interference with Economic Relations**
**Against Defendant Hayes**

35.    Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

36.    As described, Plaintiff and the State of Oregon had a professional business relationship, to which Defendant Hayes was not a party.

37.    Defendant Hayes intended to or knew that her conduct was substantially certain to interfere with the business relationship between Plaintiff and the State of Oregon.

38.    The above-described acts of Defendant Hayes interfered through improper means and for an improper purpose with the business relationship between Plaintiff and the State of Oregon, causing harm to the business relationship.

39.    As a result of Defendant Hayes' conduct, Plaintiff has suffered economic and non-economic damages.

**WHEREFORE**, Plaintiff Nkenge Harmon Johnson prays for judgment against Defendants as follows:

1.    Economic damages in the form of lost wages and benefits, consequential damages and prejudgment interest in an amount to be determined at trial;

2.    Compensatory damages in an amount to be determined at trial;

3.    All available damages and equitable relief consistent with the claims above against Defendants in amounts to be determined at trial;

4.    Punitive damages consistent with the claims above against Defendants in amounts to be determined at trial;

5.    Reasonable attorneys' fees and litigation expenses/costs herein, including expert

PAGE 8 – COMPLAINT

CREIGHTON
& ROSE, PC    ATTORNEYS
AT LAW

65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

witness fees and expenses, consistent with the claims above against Defendants; and

6.      Grant such other relief as is just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

DATED this 15ᵗʰ day of July, 2016                    CREIGHTON & ROSE, PC.

    *s/Beth Creighton*
BETH CREIGHTON, OSB #972440
beth@civilrightspdx.com
MICHAEL E. ROSE, OSB #753221
mrose@civilrightspdx.com
J. ASHLEE ALBIES, OSB #051846
ashlee@civilrightspdx.com
Attorneys for Plaintiff
65 SW Yamhill Street, Suite 300
Portland, Oregon 97204

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 9 – COMPLAINT